I          IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BROTHERHOOD OF RAILWAY CARMEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-00385-CV-W-SOW |
| ) | |
| KANSAS CITY SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER

This case was transferred to this Court on April 27, 2005. The Court was recently made aware that there are several pending motions to be resolved.

I. Background

Plaintiff Brotherhood of Railway Carmen ("BRC") filed this action in the United States District Court for the Southern District of Illinois seeking to enforce an arbitration award issued on October 21, 2003 and to vacate a subsequent award issued on December 20, 2003. On December 21, 2004, plaintiff BRC filed a Motion for Summary Judgment (Doc. #18)[1] along with a supporting brief and exhibits. Defendant Kansas City Southern Railroad Company ("KCS") was to have responded to this motion by January 20, 2005.

Instead, defendant KCS filed a Motion for Extension of Time seeking additional time within which to file an affidavit pursuant to Federal Rule of Civil Procedure 56(f). The Illinois District Court granted the motion, stating that if the Rule 56(f) motion was later denied, defendant KCS would then have fourteen days within which to respond to plaintiff's Motion for

---

[1]All document numbers refer to the Civil Docket Sheet from the United States District Court for the Southern District of Illinois.

Summary Judgment.

On February 4, 2005, defendant KCS filed a Motion for Relief Under Federal Rule of Civil Procedure 56(f) (Doc. #31). Defendant KCS argued that it needed responses to certain written discovery requests it had previously served on plaintiff BRC as well as an opportunity to depose the BRC representative from the arbitration panel, Gerald Gray, before it could respond to plaintiff's Motion for Summary Judgment. Plaintiff BRC opposed defendant's motion, stating that defendant's motion failed to satisfy the requirements for a Rule 56(f) motion, that the discovery contemplated by defendant KCS was not contemplated by the Railway Labor Act, and that the discovery would not lead to information relevant to the pending dispositive motion.

Defendant KCS filed a Motion to Compel the discovery it was seeking on February 4, 2005, simultaneous with the filing of its Motion for Relief Under Federal Rule of Civil Procedure 56(f). Plaintiff BRC opposed the Motion to Compel and also filed a Motion for a Protective Order on February 25, 2005, to prevent the discovery being sought by the defendant. On April 4, 2005, the Illinois District Court struck the Motion to Compel and the Motion for a Protective Order from the record and scheduled a telephone conference before Magistrate Judge Wilkerson on April 7, 2005.

The telephone conference on April 7, 2005, apparently resulted in Magistrate Judge Wilkerson ordering the parties to "file motions on the issues in dispute." That same day, plaintiff BRC filed a Motion for Protective Order (Docs. #40 and #47) and defendant KCS filed a Motion to Compel (Doc. #43). Also on that same day, the District Judge, David R. Herndon, issued an Order granting defendant KCS's Motion for Relief Under Federal Rule of Civil Procedure 56(f) (Doc. #31). The Order stated that defendant KCS had fourteen days from the date of the Order

2

"to respond to Plaintiff's summary judgment motion." Despite the fact that he was granting defendant's Rule 56(f) motion, which sought an opportunity to conduct certain discovery, the Order issued by District Judge David R. Herndon did not address the parties' discovery dispute and inexplicably gave defendant KCS only fourteen days to respond to the pending motion for summary judgment filed by plaintiff BRC.

Defendant KCS filed a Motion for Continued Relief Under Fed. R. Civ. P. 56(f) (Doc. #48) later that same day. Defendant pointed out that Magistrate Judge Wilkerson had yet to rule on the discovery dispute and would need additional time to do so. Defendant noted that if it was permitted to conduct the discovery sought in its Rule 56(f) motion, it would need additional time to conduct the discovery. Alternatively, defendant KCS proposed that its response to plaintiff's dispositive motion should be due fifteen days after Magistrate Judge Wilkerson denied its request for additional discovery. Plaintiff BRC filed an opposition brief, arguing that defendant should be required to respond to the pending summary judgment motion within fourteen days as ordered by District Judge Herndon.

On April 20, 2005, the day before defendant KCS's response to plaintiff's Motion for Summary Judgment was due pursuant to District Judge Herndon's April 7, 2005 Order, defendant KCS filed an unopposed Motion for Extension of Time to File Summary Judgment Paperwork (Doc. #51). Then, without ruling on any of these pending motions, the Illinois District Court transferred the case to this Court on April 22, 2005, granting a Motion to Transfer that had been filed by defendant KCS over four months earlier.

II. Discussion

Despite the confusing procedural history, the issues before this Court are quite simple. Is

3

defendant KCS entitled to certain responses sought in its written discovery requests served on plaintiff BRC prior to the filing of plaintiff's Motion for Summary Judgment? Is defendant KCS permitted to depose arbitration panel member Gray prior to responding to plaintiff's Motion for Summary Judgment?

The Railway Labor Act, 45 U.S.C. §§ 151-188, require that petitions for enforcement of arbitration awards be based entirely on the arbitral record below. Defendant KCS is claiming that it cannot respond to the pending Motion for Summary Judgment without further discovery. Accordingly, defendant KCS filed a Motion for Relief pursuant to Fed. R. Civ. P. 56(f). Rule 56(f) requires a movant to show that it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition."

A.  The Discovery Requests

KCS served plaintiff BRC with interrogatories and requests for production of documents seeking information dating back to 1999 in unrelated arbitrations. Specifically, KCS seeks documents from arbitrations involving BRC, even if conducted under different and unrelated PLB Agreements, in which BRC has requested executive sessions, reconsideration, modification, or interpretation of an "initial award." Plaintiff BRC argues that these requests are irrelevant to this case.

The key issue in the case before the Court is whether Neutral Member Kenis's First Award was a final award. This decision should be resolved based upon the Railway Labor Act, the parties' PLB Agreement, and the arbitral record below. Ruck v. Atchison, Topeka & Santa Fe R.R., No. EP-92-CA-193-B, 1993 WL 330664, at *2 (W.D. Tex. Mar. 31, 1993). Plaintiff BRC's actions in unrelated cases are irrelevant to the determination of whether or not the first

4

award issued by Kenis became a final award when Gray signed it.

Therefore, the Court will not require BRC to furnish responses to defendant's discovery requests.

B.      The Deposition of Gerald Gray

Defendant KCS seeks an opportunity to depose BRC Board member Gerald Gray "to see if his version of events is consistent with KCS's version of events." Alternatively, defendant KCS seeks an opportunity to depose Neutral Member Ann Kenis. Defendant does not state that Gray possesses information essential to defendant's opposition to plaintiff's dispositive motion. Rather, defendant concedes that it merely believes Gray's deposition "has the possibility" of providing information "that can be used in responding to BRC's motion." On its face, defendant's motion fails to satisfy the requirements of Fed. R. Civ. P. 56(f).

Plaintiff objects to defendant's request to depose Gray on the grounds that it is untimely. Even though the close of discovery deadline had not been reached when plaintiff filed its Motion for Summary Judgment, the Illinois District Court's Scheduling Order set a deadline of November 30, 2004 for deposing plaintiff. KCS served a Notice of Deposition of Gerald Gray on January 31, 2005, two months after the Court's deadline. This Court finds that defendant's Notice of Deposition of Gerald Gray was untimely.

In addition, courts have consistently refused to allow an arbitrator to be deposed on his or her decision-making processes. Hoeft, Ill. v. MVL Group, Inc., 343 F.3d 57, 68 (2nd Cir. 2003); Legion Ins. Co. v. Ins. Gen. Agency, Inc., 822 F.2d 541, 543 (5th Cir. 1987). Plaintiff notes that Neutral Member Kenis has refused to produce an affidavit for KCS. Kenis's intent regarding the Awards issued in this case is documented in the text of the Awards and the Board members'

5

correspondence which are part of the record in this case. There is no basis for allowing defendant KCS to depose Gerald Gray or Ann Kenis in this case.

III. Conclusion

For the reasons stated below, and to clarify the record in this case, it is hereby

ORDERED that plaintiff's Motion for Protective Order (Doc. #40) is granted. It is further

ORDERED that defendant's Motion to Compel (Doc. #43) is denied. It is further

ORDERED that plaintiff's Motion for Protective Order (Doc. #47) is granted. It is further

ORDERED that defendant's Motion for Continued Relief Under Fed. R. Civ. P. 56(f) (Doc. #48) is dismissed as moot. It is further

ORDERED that defendant's Unopposed Motion for Additional Time to File Its Summary Judgment Paperwork (Doc. #51) is dismissed as moot. It is further

ORDERED that consistent with Local Rule 56.1(b), defendant KCS shall have thirty days from the date of this Order to file its Suggestions in Opposition to plaintiff's pending Motion for Summary Judgment. No extensions of this deadline will be given for any reason. It is further

ORDERED that consistent with Local Rule 56.1( c), plaintiff BRC shall have fifteen days from the date on which defendant's suggestions in opposition are filed to file a reply brief. No extensions of this deadline will be given for any reason. It is further

ORDERED that the parties shall review and comply with Local Rule 7.1. It is further

ORDERED that as the parties were informed during their first telephone conference with this Court, the parties shall furnish courtesy copies of any documents filed electronically that

6

exceed ten pages in length, as well as copies of any exhibits, to chambers within three days of the electronic filing of said documents or exhibits.


									/s/Scott O. Wright
									SCOTT O. WRIGHT
									Senior United States District Judge
Dated: 7-13-05